# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

---

Darlington  Amadasu,
    Plaintiff

    vs

                           Case No.  1:04-cv-772-MRB-TSH
                           (Barrett, J.; Hogan, M. J.)

General Revenue Corporation, et. al.,
    Defendants

---

## REPORT AND RECOMMENDATION
## THAT DEFENDANT GENERAL REVENUE CORPORATION'S
## SUMMARY JUDGMENT MOTION BE GRANTED

---

This matter is before the Court on defendant General Revenue Corporation's Summary Judgment Motion (Doc. 29), pro se plaintiff Amadasu's cross-motion for summary judgment (Doc. 38), and the parties' responsive memoranda. (Docs. 39, 42, 43).

Pro se plaintiff Darlington Amadasu initiated the present action on November 12, 2004, with the filing of a complaint against defendant General Revenue Corporation, alleging violations of the federal Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et. seq., and related state law claims. (Doc. 1). The original complaint was filed on plaintiff's behalf by his former attorney, Steven Shane. (Id., Att. 2, Civil Cover Sheet). The complaint was filed with a series of attachments, including Attachment 1 which encompasses Exhibits A-C. (Id.). Exhibit C contains a series of twelve debt collection letters allegedly sent to plaintiff by defendant General Revenue Corporation. Approximately one month after filing the complaint, plaintiff's counsel sought and was granted leave to withdraw. (Docs.

7, 8). Since that time, plaintiff has been proceeding pro se.

On November 21, 2005, plaintiff filed an amended complaint, naming National Enterprise Systems as a party defendant and asserting claims under the FDCPA and related state law claims. (Doc. 22). On June 13, 2006, defendant General Revenue Corporation filed a Motion to Strike Exhibit C to Plaintiff's Complaint. (Doc. 28). The Court conducted an evidentiary hearing on defendant's motion to strike on March 28, 2007. By separate Oder, the Court granted defendant's motion in part, finding that pages 1-10 of Exhibit C to plaintiff's original complaint are forged or altered documents which were not sent to plaintiff by defendant General Revenue Corporation.

Defendant General Revenue Corporation now moves for summary judgment in its favor asserting that plaintiff's federal FDCPA claims are barred by the applicable one-year statute of limitations. Defendant contends that its last contact with plaintiff was a telephone call made to his residence on October 31, 2003, and that the account was subsequently closed and returned to the client on November 29, 2003. Defendant argues that plaintiff's original complaint, which was filed on November 12, 2004, is untimely because there is no evidence that defendant had contact with plaintiff within the one year period preceding the filing of the complaint. Thus, defendant argues, plaintiff's federal claims against defendant General Revenue Corporation should be dismissed and the Court should decline to exercise supplemental jurisdiction over plaintiff's corresponding state law claims.

In response to defendant's statute of limitations argument, plaintiff asserts that his diary of contacts, submitted as an attachment to his sworn declaration filed in this case, contains evidence of contact from General Revenue Corporation by telephone and letter that occurred up to and including November 29, 2003. Plaintiff argues that this daily log constitutes evidence sufficient to overcome defendant's statute of limitations argument because it creates at least an issue of fact as to whether there were contacts with plaintiff during the one-year limitations period preceding the filing of the complaint.

A motion for summary judgment should be granted if the evidence submitted to the court demonstrates that there is no genuine issue as to any material fact and that the movant is entitled to summary judgment as a matter of law. Fed. R. Civ. P. 56. *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty*

*Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The moving party has the burden of showing the absence of genuine disputes over facts which, under the substantive law governing the issue, might affect the outcome of the action. *Celotex*, 477 U.S. at 323.

A party may move for summary judgment on the basis that the opposing party will not be able to produce sufficient evidence at trial to withstand a motion for judgment as a matter of law. In response to a summary judgment motion properly supported by evidence, the non-moving party is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial. *Sixty Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987); *Harris v. Adams*, 873 F.2d 929, 931 (6th Cir. 1989). Conclusory allegations, however, are not sufficient to defeat a properly supported summary judgment motion. *McDonald v. Union Camp Corp.*, 898 F.2d 1155, 1162 (6th Cir. 1990). The non-moving party must designate those portions of the record with enough specificity that the Court can readily identify those facts upon which the non-moving party relies. *Karnes v. Runyon*, 912 F. Supp. 280, 283 (S.D. Ohio 1995)(Spiegel, J.).

The trial judge's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine factual issue for trial. *Anderson*, 477 U.S. at 249-50. In so doing, the trial court does not have a duty to search the entire record to establish that there is no material issue of fact. *Karnes*, 912 F. Supp. at 283. *See also Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989); *Frito-Lay, Inc. v. Willoughby*, 863 F.2d 1029, 1034 (D.C. Cir. 1988). The inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. *Anderson*, 477 U.S. at 249-50.

If, after an appropriate time for discovery, the opposing party is unable to demonstrate a *prima facie* case, summary judgment is warranted. *Street*, 886 F.2d at 1478 (citing *Celotex* and *Anderson*). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

The FDCPA is governed by a one-year statute of limitations period. 15 U.S.C. § 1692k(d). Thus if defendant General Revenue Corporation did not contact plaintiff

regarding collection of a debt within one year of plaintiff filing his original complaint, his claims against defendant will be barred. As set forth in this Court's separate Order on defendant's motion to strike Exhibit C to the original complaint, pages 1-10 of Exhibit C have been stricken from the record and therefore are not evidence properly considered by this Court. It is undisputed that the remaining debt collection form letters contained in Exhibit C at pages 11-12 were sent on December 18, 2002 and January 2, 2003. Consequently, the only contacts at issue which could bring this action within the applicable statute of limitations period are the alleged phone contacts purportedly chronicled in plaintiff's diary record.

At first glance, it might appear that plaintiff's diary of contacts creates a "he said-we said" issue of fact with respect to the alleged phone contacts. However, the undisputed evidence demonstrates that the defendant's CMS database records all letters generated and phone calls placed by collectors seeking to contact a debtor regarding collection of a debt. The record evidence demonstrates that the last telephonic contact with plaintiff was made by defendant General Revenue Corporation on October 31, 2002. Plaintiff has not presented any evidence to dispute these facts regarding the record programming of defendant's CMS database. Moreover, there was unrefuted evidence presented at the March 28, 2007 evidentiary hearing that collectors cannot generate letters beyond those contained in the database series applicable to a given account. Nor did plaintiff present any evidence to dispute defendant's assertion that the CMS system records all telephone calls made by a collector and all incoming calls with respect to a given account. Furthermore, nowhere does plaintiff even allege that the collectors were somehow placing telephone calls "off-line" which were therefore not recorded by defendant's CMS database, nor is there any shred of evidence tending to so indicate. Therefore, the plaintiff's self-serving diary of contacts, which this Court has previously concluded contains references to letters determined to have been forged or altered, does not constitute evidence of contacts within the limitations period.

For these reasons, the Court concludes that plaintiff's FDCPA claims against General Revenue Corporation are barred by the applicable state of limitations and should be dismissed. Consequently, the Court should decline to exercise supplemental jurisdiction over plaintiff's corresponding state law claims against this defendant. Because the Court recommends granting defendant General Revenue Corporation's summary judgment motion on statute of limitations grounds, the Court finds that the remainder of plaintiff's cross-motion for summary judgment should be

4

denied as MOOT.

## IT IS THEREFORE RECOMMENDED THAT:

Defendant General Revue Corporation's summary judgment motion (Doc. 29) should be GRANTED and the defendant should be dismissed from the within action, and plaintiff's cross-motion for summary judgment (Doc. 38) should be DENIED.

Timothy S. Hogan
United States Magistrate Judge

5

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

Darlington   Amadasu,
      Plaintiff

      vs                        Case No.  1:04-cv-772-MRB-TSH
                                      (Barrett, J.; Hogan, M. J.)

General Revenue Corporation, et. al.,
      Defendants

## NOTICE

Attached hereto is the Report and Recommended decision of the Honorable Timothy S. Hogan, United States Magistrate Judge, which was filed on **3-29-2007**. Any party may object to the Magistrate's findings, recommendations, and report within (10) days after being served with a copy thereof or further appeal is waived. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Such parties shall file with the Clerk of Court, and serve on all Parties, the Judge, and the Magistrate, a written Motion to Review which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made along with a memorandum of law setting forth the basis for such objection, (such parties shall file with the Clerk a transcript of the specific portions of any evidentiary proceedings to which an objection is made).

In the event a party files a Motion to Review the Magistrate's Findings, Recommendations and Report, all other parties shall respond to said Motion to Review within ten (10) days after being served a copy thereof.

1:04cv 772   Docs. 54, 55, + 56

**SENDER:**
- Complete items 1 and/or 2 for additional services.
- Complete items 3, 4a, and 4b.
- Print your name and address on the reverse of this form so that we can return this card to you.
- Attach this form to the front of the mailpiece, or on the back if space does not permit.
- Write *"Return Receipt Requested"* on the mailpiece below the article number.
- The Return Receipt will show to whom the article was delivered and the date delivered.

I also wish to receive the following services (for an extra fee):

1. ☐ Addressee's Address

2. ☐ Restricted Delivery

Consult postmaster for fee.

Is your RETURN ADDRESS completed on the reverse side?

Thank you for using Return Receipt Service.

3. Article Addressed to:

Darlington Amadasu
Po Box 6263
Cinti, OH 45206

4a. Article Number
7002 0860 0006 5230 5646

4b. Service Type

☐ Registered          ☐ Certified
☐ Express Mail        ☐ Insured
☐ Return Receipt for Merchandise  ☐ COD

7. Date of Delivery

5. Received By: *(Print Name)*

8. Addressee's Address *(Only if requested and fee is paid)*

6. Signature: *(Addressee or Agent)*
X

PS Form **3811**, December 1994          102595-97-B-0179   Domestic Return Receipt