## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

———————————————

Darlington Amadasu,
    Plaintiff

    vs                       Case No. 1:04-cv-772-MRB-TSH
                                 (Barrett, J.; Hogan, M. J.)

General Revenue Corporation, et. al.,
    Defendants

———————————————

## REPORT AND RECOMMENDATION
## THAT DEFENDANT NATIONAL ENTERPRISES SYSTEMS' SUMMARY
## JUDGMENT MOTION BE DENIED AS MOOT OR IN THE
## ALTERNATIVE THAT THE MOTION BE GRANTED

———————————————

This matter is before the Court on defendant National Enterprise Systems' (NES) summary judgment motion (Doc. 47). To date, pro se plaintiff Amadasu has not filed any response.[1]

By Report and Recommendation issued this same date, the undersigned recommends that this action be dismissed as a sanction for plaintiff's violation of Fed.

---

[1]     On the eve of the deadline for filing memorandum in response to NES's summary judgment motion, plaintiff sought an indefinite stay of all proceedings in this litigation. (Doc. 48). The undersigned denied the motion from the bench at the March 27, 2007 evidentiary hearing on defendant General Revenue Corporations' motion to strike. That decision was memorialized by a written order denying plaintiff's "Emergency Motion for Judicial Notice & Stay of Proceedings." (Doc. 61). Plaintiff filed a second motion for an indefinite stay (Doc. 57), which this Court also denied. (Doc. 62). Plaintiff was advised by the Court that upon denial of his request for stay, his memorandum in opposition to summary judgment was due to be filed on September 17, 2007. (Doc. 61).

R. Civ. P. 11. Accordingly, the Court recommends that NES's summary judgment motion be denied as moot.

In the event that the District Court declines to adopt this Court's Recommendation of dismissal as a sanction for violation of Rule 11, the Court recommends in the alternative that defendant NES's summary judgment motion be granted.

Pro se plaintiff Darlington Amadasu initiated the present action on November 12, 2004, with the filing of a complaint against defendant General Revenue Corporation, alleging violations of the federal Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et. seq., and related state law claims. (Doc. 1). On November 21, 2005, plaintiff filed an amended complaint, naming National Enterprise Systems as a party defendant and asserting claims under the FDCPA and related state law claims. (Doc. 22).

Defendant NES moves for summary judgment in its favor asserting that plaintiff's federal FDCPA claims are barred by the applicable one-year statute of limitations. Defendant also contends that plaintiff cannot present any evidentiary basis to support his claims. AS noted above, plaintiff has not submitted any response to defendant's motion.

A motion for summary judgment should be granted if the evidence submitted to the court demonstrates that there is no genuine issue as to any material fact and that the movant is entitled to summary judgment as a matter of law. Fed. R. Civ. P. 56. *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The moving party has the burden of showing the absence of genuine disputes over facts which, under the substantive law governing the issue, might affect the outcome of the action. *Celotex*, 477 U.S. at 323.

A party may move for summary judgment on the basis that the opposing party will not be able to produce sufficient evidence at trial to withstand a motion for judgment as a matter of law. In response to a summary judgment motion properly supported by evidence, the non-moving party is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial. *Sixty Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987); *Harris v. Adams*, 873 F.2d 929, 931 (6th Cir. 1989). Conclusory

2

allegations, however, are not sufficient to defeat a properly supported summary judgment motion. *McDonald v. Union Camp Corp.*, 898 F.2d 1155, 1162 (6th Cir. 1990). The non-moving party must designate those portions of the record with enough specificity that the Court can readily identify those facts upon which the non-moving party relies. *Karnes v. Runyon*, 912 F. Supp. 280, 283 (S.D. Ohio 1995)(Spiegel, J.).

The trial judge's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine factual issue for trial. *Anderson*, 477 U.S. at 249-50. In so doing, the trial court does not have a duty to search the entire record to establish that there is no material issue of fact. *Karnes*, 912 F. Supp. at 283. *See also Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989); *Frito-Lay, Inc. v. Willoughby*, 863 F.2d 1029, 1034 (D.C. Cir. 1988). The inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. *Anderson*, 477 U.S. at 249-50.

The FDCPA is governed by a one-year statute of limitations period. 15 U.S.C. § 1692k(d). Thus if defendant NES did not contact plaintiff regarding collection of a debt within one year of plaintiff filing his original complaint, his claims against defendant will be barred. Plaintiff filed the amended complaint on November 21, 2005. Defendant contends that its last contact with plaintiff occurred on January 31, 2004. Plaintiff has failed to rebut this allegation and therefore cannot demonstrate facts to support the conclusion that any contacts occurred within the limitations period. Therefore, plaintiff's action is barred by the applicable statue of limitations and should be dismissed.

Because the Court concludes that plaintiff's FDCPA claims against NES are barred by the applicable state of limitations and should be dismissed, the Court also recommends that the District Court decline to exercise supplemental jurisdiction over plaintiff's corresponding state law claims. Furthermore, plaintiff has failed to come forth with any evidence to support his allegations on the merits. Thus even if the case were not barred by the applicable statute of limitations, plaintiff has failed to demonstrate that there are genuine issues of material fact which preclude summary judgment as set forth in defendant's motion.

For all these reasons, **IT IS THEREFORE RECOMMENDED THAT**

3

defendant NES's summary judgment motion be DENIED AS MOOT based on the Court's previous recommendation that this action be dismissed for violation of Fed. R. Civ. P11. In the alternative the Court recommends that NES's motion be GRANTED and this action be DISMISSED from the docket of this Court.

Timothy S. Hogan
United States Magistrate Judge

4

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

Darlington Amadasu,
    Plaintiff

vs                          Case No. 1:04-cv-772-MRB-TSH
                                (Barrett, J.; Hogan, M. J.)

General Revenue Corporation, et. al.,
    Defendants

# NOTICE

    Attached hereto is the Report and Recommended decision of the Honorable Timothy S. Hogan, United States Magistrate Judge, which was filed on 9-21-07. Any party may object to the Magistrate's findings, recommendations, and report within (10) days after being served with a copy thereof or further appeal is waived. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Such parties shall file with the Clerk of Court, and serve on all Parties, the Judge, and the Magistrate, a written Motion to Review which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made along with a memorandum of law setting forth the basis for such objection, (such parties shall file with the Clerk a transcript of the specific portions of any evidentiary proceedings to which an objection is made).

    In the event a party files a Motion to Review the Magistrate's Findings, Recommendations and Report, all other parties shall respond to said Motion to Review within ten (10) days after being served a copy thereof.

| SENDER: *COMPLETE THIS SECTION* | *COMPLETE THIS SECTION ON DELIVERY* | |
|---|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X | ☐ Agent<br>☐ Addressee |
| | B. Received by ( *Printed Name* ) | C. Date of Delivery |
| 1. Article Addressed to:<br><br>Darlington Amadasu<br>PO Box 6263<br>Cinti, OH 45206 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No | |
| | 3. Service Type<br>☒ Certified Mail  ☐ Express Mail<br>☐ Registered  ☐ Return Receipt for Merchandise<br>☐ Insured Mail  ☐ C.O.D. | |
| | 4. Restricted Delivery? (*Extra Fee*) | ☐ Yes |
| 2. Article Number<br>(*Transfer from service label*) | 7002 0860 0000 1409 7288 | |

PS Form 3811, August 2001        Domestic Return Receipt        102595-01-M-2509

1:04cv772  Docs. 64 + 65