UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Darlington Amadasu,

    Plaintiff,

    v.                                          Case No. 1:04cv772

General Revenue Corp.,                Judge Michael R. Barrett

    Defendant.

## ORDER

Pending before this Court are three Report and Recommendations of Magistrate Judge Hogan (Docs. 56, 64 and 65). Doc. 56 recommends that Defendants General Revenue corporation's summary judgment motion (Doc. 29) be granted and that Plaintiff's cross motion be denied (Doc. 38). No objections were filed to this Report and Recommendation. Doc. 64 recommends that this matter be dismissed as a result of Rule 11 sanctions against Plaintiff for forging documents attached to the complaint. Plaintiff filed objections (Doc. 68)[1] to which Defendant General Revenue responded (Doc. 70). Doc. 65 recommends that the summary judgment motion of National Enterprises Systems' (Doc. 47) be denied as moot or in the alternative that the motion be granted. Plaintiff filed objections (Doc. 69) to which Defendant National Enterprises Systems responded (Doc. 71).

After reviewing the above Report and Recommendations as well as the underlying pleadings and objections, the Court hereby ADOPTS the Report and Recommendations

---

[1] In his objections, Plaintiff also attempts to object to the prior Report and Recommendation (Doc. 56). However, the Court had previously, by Order (Doc. 67), informed the Plaintiff that it would "not consider any arguments not directly related to Doc. 64 and Doc. 65." Thus, the Court did not consider any argument made by Plaintiff that related to the recommendation granting summary judgment to General Revenue Corp or the denial of Plaintiff's cross claim, or the finding that Plaintiff forged or altered documents.

of Magistrate Judge Hogan (Docs. 56, 64 and 65). As an initial matter, the Court notes that the parties were given proper notice, pursuant to 28 U.S.C. 636(b)(1)(c), including notice the parties would waive further appeal if they failed to file objections to the Report in a timely manner. *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

When objections are received to a magistrate judge's Report and Recommendation on a dispositive matter, the assigned district judge "shall make a de novo determination...of any portion of the magistrate judge's disposition to which specific written objection has been made...." Fed. R. Civ. P. 72(b). After review, the district judge "may accept, reject or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." *Id; see also* 28 U.S.C. 636(b)(1)(B). General objections are insufficient to preserve any issues for review; "[a] general objection to the entirety of the magistrate's report has the same effects as would a failure to object." *Howard v. Secretary of Health and Human Services,* 932 F.2d 505, 509 (6th Cir. 1991).

<u>Facts</u>

The facts of this case have been clearly set forth on numerous occasions by Magistrate Judge Hogan (See Docs. 56, 64 and 65). The relevant facts are set forth herein.

Plaintiff Darlington Amadasu initiated this action on November 12, 2004 by filing a complaint, through counsel Steven Shane, against General Revenue Corp. ("GRC") alleging violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.*, and related state law claims. (Doc. 1). Attached to the complaint were exhibits A-C. *Exhibit C* contains twelve pages purported to be debt collection letters mailed to Plaintiff by GRC. On December 8, 2004, Attorney Shane filed a Motion to withdraw as Attorney for Plaintiff (Doc. 7) and on December 14, 2004 the Court issued an Order

Granting Attorney Shane's Motion to Withdraw. (Doc. 8). On January 3, 2005, Plaintiff filed a Motion for Leave to proceed *in forma pauperis* (Doc. 9) and by Order dated April 25, 2005 the Court entered an Order denying Plaintiff's Motion to Proceed *in forma pauperis*. (Doc. 12). Plaintiff continued to represent himself *pro se*. On November 21, 2005 Plaintiff filed an Amended Complaint that also named National Enterprises Systems ("NES") as a defendant and asserted claims under the FDCPA and related state law claims (Doc. 22).

On June 13, 2006 GRC filed a Motion to Strike Exhibit C to Plaintiff's Complaint (Doc. 28), and a Motion for Summary Judgment (Doc. 29). On March 28, 2007, the Court held an evidentiary hearing on GRC's Motion to Strike. GRC alleged that the documents in Exhibit C were forgeries and not mailed by GRC to Plaintiff. At this hearing Magistrate Judge Hogan heard testimony from Stephen Meier, former Internal Compliance Officer for GRC, David Stocker, Associate General Counsel for Sallie Mae Corporation, assigned as General Counsel for GRC, a wholly owned subsidiary of Sallie Mae, Plaintiff Darlington Amadasu, as well as Attorney Steven Shane who appeared at the Court's request.[2]

Both Mr. Meier and Mr. Stocker testified as to the standard debt collection letter as well as the computerized system (known as the Collection Management System or "CMS") that contains a database of all GRC's collection activity. Additionally, GRC admitted seven documents into evidence to support its position. The CMS maintains a log of all activity on an account included telephone calls made and letters sent. The last

---

[2] The facts from this hearing have been taken from Magistrate Judge Hogan's Order (See. Doc. 55). A full recitation of the events that took place at that hearing can be found in that Order.

3

collection activity by GRC occurred on October 31, 2003. The account was then closed.

Additionally, testimony was heard as to how the CMS works, including that form letters are generated as part of the CMS system which can not be modified or altered by the collector with the exception of inserting the name and address of the debtor, the date of the letter and the amount sought in collection. Both Mr. Meier and Mr. Stocker reviewed Exhibit C to the complaint and testified that 10 of the 12 pages of the exhibits are documents which are not letters contained in or generated by the CMS database. They informed the Court as to the discrepancies in the pages that are inconsistent with letters generated by the CMS database.

Plaintiff testified, via a declaration, that if there were any discrepancies that such discrepancies were caused by employees of GRC or by Attorney Steven Shane. Attorney Steven Shane testified that, although he did not specifically remember filing this complaint, he would not and it is not his practice to alter documents. Magistrate Judge Hogan found Mr. Meier, Mr. Stocker, and Mr. Shane to be credible and found Plaintiff to not be credible. Plaintiff's self-serving declaration lacked credibility "in the wake of the overwhelming and wholly credible testimony and documentary evidence presented by defendant's witnesses." (Doc. 55, p 5).

Following the hearing on GRC's Motion to Strike, the Magistrate Judge issued an Order granting, in part, the Motion to Strike Exhibit C to Plaintiff's original complaint. (Doc. 55). In that Order, Magistrate Judge Hogan stated that "[t]he greater weight of the credible evidence on this issue leads to the inescapable conclusion that pages 1-10 of Exhibit C are forged or otherwise altered documents and were not sent to Plaintiff by Defendant General Revenue Corporation. Therefore, pages 1-10 of Exhibit C to the

4

original complaint shall be stricken from the record pursuant to Fed. R. Civ. P. 12(f)." (Id.).

In that Order the Court also ordered that Plaintiff "show cause, in writing, and within thirty (30) days of the filing date of this Order, why he should not be subject to sanctions pursuant to Fed. R. Civ. P. 11(c)(1)(B), for causing the forged or altered documents… to be presented to the Court…" (Id.). Prior to the expiration of that 30 day period, the Plaintiff moved the Court for an indefinite stay of all proceedings. (Doc. 57). The Court denied Plaintiff's Motion to Stay the proceedings in an Order dated September 7, 2007 (Doc. 62), and to date, Plaintiff has not responded to the Court's Show Cause Order.

On the same date the Court issued the Order striking (in part) Exhibit C to Plaintiff's Complaint and Ordering Plaintiff to show cause why he should not be subject to sanctions for presenting forged or altered documents, the Court also issued a Report and Recommendation that Defendant General Revenue Corporation's Summary Judgment Motion Be Granted. (Doc. 56). In that Report and Recommendation, the Magistrate Judge concluded that Plaintiff's FDCPA claims against General Revenue Corporation are barred by the applicable statute of limitations and should be dismissed. The Report and Recommendation also recommended that the Court should decline to exercise supplemental jurisdiction over Plaintiff's corresponding state law claims. The Plaintiff failed to file objections to this Report and Recommendation.

On September 21, 2007, Magistrate Judge Hogan issued a second Report and Recommendation in which he recommended that "this action be dismissed as a sanction for Plaintiff's flagrant violation of Fed. R. Civ. P.11 as set forth above, and this case be

TERMINATED on the docket of this Court." (Doc. 64). In that Report and Recommendation, the Magistrate Judge states that "[t]he weight of the credible evidence in this case overwhelmingly demonstrated that ten of the twelve letters contained in Exhibit C to the original complaint are forgeries or alterations and do not constitute letters actually sent to Plaintiff be defendant General Revenue Corporation." (Id). Plaintiff objected on October 31, 2007 (Doc. 68).[3]

Also, on September 21, 2007, Magistrate Judge Hogan issued a third Report and Recommendation in which he recommended that "defendant NES's summary judgment motion be denied as moot based on the Court's previous recommendation that this action be dismissed for violation of Fed. R. Civ. P. 11. In the alternative the Court recommends that NES's motion be granted and this action be dismissed from the docket of this Court" as Plaintiff's claims are barred by the applicable statute of limitations. (Doc. 65). Plaintiff objected on October 31, 2007 (Doc. 69).[4]

This Court will address the second Report and Recommendation recommending sanctions first.

Legal Standard and Analysis

Fed. R. Civ. P. 11(c)(1)(B) specifically states the following: "On its own initiative, the court may enter an order describing the specific conduct that appears to violate subdivision (b) and directing ... [a] party to show cause why it has not violated subdivision (b) with respect thereto." Fed. R. Civ. P. 11(b) states in relevant part: "By presenting to the court (whether by signing, filing, submitting or later advocating) a pleading, written motion, or

---

[3] Plaintiff had leave of Court to file his objections out of time. See Doc. 67.

[4] See Footnote 3 above.

6

other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, ... (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in litigation. ... (3) the allegations and other factual contentions have evidentiary support... ." *See also Business Guides, Inc. v. Chromatic Communications Enterprises, Inc.*, 498 U.S. 533, 548(1991).

Magistrate Judge Hogan found, after having an evidentiary hearing, that Plaintiff attached exhibits to his complaint that were forged by Plaintiff. (See Doc. 55).[5] Although the complaint was initially filed by an attorney, Plaintiff provided the documents to his counsel and then later, after his counsel withdrew, advocated that those forged documents entitled him to summary judgment, or in the alternative, provided an issue of fact that mandated that GRC's motion for summary judgment be denied. (See Doc. 39). The Court agrees with the Magistrate Judge that this conduct violates Fed. R. Civ. P. 11(b).

As is clearly set forth in Magistrate Judge Hogan's Order,

> It is FURTHER ORDERED that plaintiff Amadasu show cause, in writing, and within thirty (30) days of the filing date of this Order, why he should not be subjection to sanctions pursuant to Fed. R. Civ. P. 11(c)(1)(B), for causing the forged or altered documents, set forth at Pages 1-10 of Exhibit C to the original complaint, to be presented to the Court and for using the documents to harass defendant, multiply the proceedings, and cause unnecessary delay and expense to both the parties and this Court.

See (Doc. 55, page 6). Plaintiff did not file objections to this Order or respond to the Show Cause Order. Instead, on April 10, 2007, Plaintiff filed a "Renewed Emergency Motion to Stay of Objections, Response & Proceeding" (Doc. 57) in which he references both the

---

[5] Plaintiff did not file objections to the Magistrate Judge's Order. Thus, pursuant Federal Rule of Civil Procedure 72(a), "a party may not thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made."

7

Order and directive to show cause. This motion was denied and to date, Plaintiff has not responded to the Show Cause Order. Plaintiff also did not object to the order denying his "Renewed Emergency Motion to Stay of Objections, Response & Proceeding."

However, Plaintiff has filed objections to the Report and Recommendation recommending that this matter be dismissed as a sanction for causing the forged or altered documents to be presented to the Court. Within his objections, Plaintiff now attempts to challenge the Order (Doc. 55). As previously set forth, this Court will not consider those arguments as they were not timely made. As to the arguments made by Plaintiff that do directly relate to the Report and Recommendation (Doc. 64), Plaintiff argues that Magistrate Judge Hogan "failed to comply with statutory requirements"; "failed to follow case law requirements"; and "failed to use objective standard of reasonableness to determine whether Rule 11 has been violated before Rule 11 sanction proceeding." (Doc. 68, p7-8). Plaintiff also argues that "the burden is on the Court to prove Plaintiff violated Rule 11"; "that the Magistrate ignored equitable considerations"; that the "Magistrate failed to follow established procedure for Rule 11 proceedings"; that the "Magistrate afforded no adequate notice to Plaintiff"; that the "Magistrate failed to considered relevant facts"; and that "no hearing [was] afforded Plaintiff." (Doc. 67, p8-10). Finally, Plaintiff argues that the Magistrate made one-sided findings, that he failed to afford due process, and that Plaintiff satisfied the elements of inability to answer the Show Cause Order. (Doc. 67, p10-12).

Upon a de novo review of the record, the Court does not find merit in Plaintiff's objections. Plaintiff was present at the evidentiary hearing. Plaintiff received a copy of the Order and was aware of the Show Cause Order contained therein yet failed to respond. Plaintiff now argues that he could not respond to the Show Cause Order because he could not obtain a transcript of the evidentiary hearing. Plaintiff requested that the Court direct

8

the Court Reporter to provide a transcript of the evidentiary hearing to him at no cost (Doc. 57.)  This motion was denied (See Doc. 63) and not objected to by Plaintiff.  However, this did not prevent Plaintiff from obtaining the transcript. It only prevented him from obtaining it at no cost.  Additionally, Plaintiff was in attendance at the evidentiary hearing and could have responded to the Show Cause Order based upon his recollection of what transpired at the hearing.  Instead, Plaintiff chose to not object to the Order or respond to the Show Cause Order.

As correctly set forth in the Report and Recommendation, the test for whether sanctions are appropriate is whether the conduct was objectively reasonable under the circumstances.  *See Business Guides, Inc.,* 468 U.S. at 551; *Lemaster v. United States*, 891 F.2d 115, 118 (6th Cir. 1989).  Forging or altering documents to support one's claim is never objectively reasonable and will not be tolerated by this Court.

The Court agrees with Magistrate Judge Hogan that monetary sanctions would be insufficient to deter Plaintiff.  Additionally, the Court has grave concerns regarding Plaintiff's propensity to forge or alter documents in the future as it is clear that this is not the first time Plaintiff has done so in this Court.  (See *Amadasu v. Donovan, et al*, Case No. 1:01cv210-SJD-TSB, Doc. 137 (finding Plaintiff had forged correspondence allegedly written by the Defendants) and *Amadasu v. Macharet, et al.*, Case No. 1:02cv263-SJD-TSB, Doc. 88 (finding Plaintiff's intentional misrepresentations on the record to the Court constituted support for recommending dismissal)).  In cases of serious misconduct, dismissal is an appropriate sanction under Rule 11.  *See Jimenez v. Madison Area Technical College*, 321 F.3d 652 (7th Cir. 2003); *Peerless Indus. Paint Coatings Co. v. Canam Steel Corp.,* 979 F.2d 685 (8th Cir. 1992).

Conclusion

Thus, based upon the findings in Magistrate Judge Hogan's Order and the fact that this is not the first time that Plaintiff has perpetrated a fraud on this Court, the Court hereby ADOPTS the Report and Recommendation (Doc. 64). This matter is hereby DISMISSED with Prejudice as a sanction for Plaintiff's flagrant violation of Fed. R. Civ. P. 11 and ORDERS that this matter be terminated from the docket of this Court.

Further, based upon the above ruling the Court ADOPTS the Report and Recommendation (Doc. 65) and finds that Defendant National Enterprise Systems' summary judgment motion (Doc. 47) is hereby DENIED as MOOT.

Further, based upon the above ruling the Court ALTERS the Report and Recommendation (Doc. 56) to find that General Revenue Counsel's motion for summary judgment (Doc. 29) and Plaintiff's cross motion for summary judgment (Doc. 38) are hereby DENIED as MOOT. However, if the matter was not dismissed pursuant to the Sanction, the Court would ADOPT the Report and Recommendation in its entirety.

Finally, the Court, by way of this Order, is hereby issuing a formal warning to Plaintiff that if he is found to forge or alter documents in any other matter in the Southern District of Ohio, either presently pending or filed hereafter, regardless of the subject matter, that this Court may declare Plaintiff a harassing and vexatious litigator and impose prefiling restrictions on Plaintiff before any additional lawsuits can be filed in this Court. *See Johnson v. Univ. Hous.*, 2007 U.S. Dist. LEXIS 90653, 36-38 (S.D. Ohio 2007). "These restrictions could include, but are not limited to, requiring Plaintiff to file a bond to cover the opposing party's attorney's fees, *see, e.g., Stewart v. Fleet Financial*, 229 F.3d 1154 (6th Cir. Aug. 10, 2000)(requiring harassing and vexatious litigator to file $25,000 bond prior to filing suit is not an abuse of discretion); ... or mandating that Plaintiff first seek leave of

court prior to filing a lawsuit, *see, e.g., Marbly v. Wheatley*, 87 Fed.Appx. 535 (6th Cir. Feb. 4, 2004)(unpublished)." *Johnson v. Univ. Hous.,* 2007 U.S. Dist. LEXIS 90653, 36-38 (S.D. Ohio 2007).

**IT IS SO ORDERED.**

s/Michael R. Barrett<br>
Michael R. Barrett, Judge<br>
United States District court